Our next case and last case for the day is Sims v. Wicks, appeal number 23-3201. I see Mr. Comer, so Mr. Schlosser, whenever you're ready. Good morning, your honors. May it please the court. My name is Elliot Schlosser and I represent the plaintiff, appellant Max Sims. Mr. Sims was wrongfully convicted based on a single eyewitness misidentification. For two decades, defendant Wicks withheld that that misidentification was obtained and manufactured through hypnosis. Shortly after his exoneration, Mr. Sims filed a section 1983 lawsuit against defendant Wicks for the violation of his constitutional rights. During the pendency of that lawsuit, Mr. Wicks passed away. The lower court decided that Mr. Sims' federal claims couldn't be brought against Mr. Wicks after his death, and that's wrong for two reasons. First, as a matter of federal law, under Wilson and Bennett, section 1983 claims should be characterized as personal injury actions. And under Indiana survivorship statute, those actions, personal injury actions, would survive the death of a party. This court's inquiry can end here. But second, as a matter of federal law, if this court were to decide that Indiana survivorship statute precludes section 1983 claims where a party has died, that would mean that Indiana's law is hostile to section 1983 claims, and section 1988 would dictate that this court create a federal common law rule that enforces section 1983. You know, the Supreme Court in Wilson and then again in Owens departed from the reliance on analogous state law because the approach created too much uncertainty and unpredictability to litigants determining when to file their section 1983 claims, thus undermining, you know, section 1983. That need for certainty and predictability is a paramount concern in the pre-litigation context in which statutes of limitations reside. But why should that be of equal magnitude in the much rarer survivability context in which the parties can litigate the disputes in court without adversely impacting the, well, the purposes of section 1983? Yes, Your Honor. So in Wilson, Your Honor is correct that the court preached uniformity regarding the survival of section 1983 claims. We believe that same uniformity is necessary for survivorship as well. And it's important, Your Honor, because in a situation that we have here, if the lower court ruling is not disturbed, it would actually incentivize in wrongful conviction cases defendants to withhold exculpatory evidence for as long as possible. Because the longer you withhold it, the more likely it is that a party would be closer to death, and that would have a serious concern for people who are wrongfully convicted. It would also lead to disparity even among the sister states in this circuit. So this court has held in Hutchinson and Anderson that 1983 claims survived the death of a party in both Illinois and Wisconsin. The Sixth Circuit has held the same in Jackson and Krabs when it looked at Ohio and Kentucky survivorship statute. So literally every state in the Sixth Circuit and Seventh Circuit, nearly every state that surrounds Indiana, wrongfully convicted plaintiffs would be able to pursue due process claims regardless of the death of a party except for Indiana. And this is not the first instance where this court has had to address Indiana state law in reference to section 1983 claims. In Julian v. Hanna, which was after the Benz case in 2013, in Julian v. Hanna, this court addressed the Tort Immunity Act, which gave absolute immunity to all state actors in Indiana for the tort of malicious prosecution. This court stepped in and created a federal common law remedy because there was no adequate state law remedy. So this is not the first instance where this court has had to analyze Indiana state statute and determine whether it was in conflict with 1983 and 1988. We would encourage this court to do it again. All litigants prefer certainty and predictability in the law, but the need to litigate survivability in court does not undermine section 1983 in the way that an uncertain limitations period would. And that's my problem here. Your Honor, we believe... We have to overrule Benz or Bennett, right? Your Honor, I would encourage the court to overrule Benz because... I understand, but do you think we have to do one or the other? Not for us to win. For the plaintiff to win here. So Benz specifically did not even address the second argument that we are raising at all. It never looked at 1988. Yeah, that's a much tougher argument though. The fact that the plaintiff loses is not enough. Robertson tells us that, right? I agree, Your Honor, that Robertson from the Supreme Court is on point. But in Robertson, what's particularly important and what the Supreme Court found to be compelling was that Louisiana provided the survivorship of claims, including malicious prosecution, so long as there was a sibling, a spouse, and two other categories. That's not what Indiana does. And so what Robertson was really saying is there are these other avenues, and most times people are going to fit into that. They're not just getting rid of every claim. In Indiana, that is what they would be doing with regard to Section 1983 if a party died. I would, in terms of Benz, Your Honor, I would encourage the court to overrule Benz because the court in Benz did not apply Bennett at all. It never referred to Bennett. It also, as Judge Roedner raised, the Wilson case, the Benz opinion never refers to Wilson at all either. It omits them, and it's also omitted in the briefing of those cases. Well, this court ordered supplemental briefing in Benz in an order that specifically referenced Bennett. And those supplemental briefs were filed, and nobody seems to have understood Bennett. I would agree with that, Your Honor, and what I would say is that the opinion omits it entirely. It doesn't refer to Bennett. It doesn't refer to Wilson. And if the Benz court had followed Bennett, it would have characterized Section 1983 actions consistent with Wilson, consistent with Bennett. And if it had characterized them as personal injury actions, the claims would have survived under Indiana's survivorship statute. Bennett was decided incorrectly. I'm sorry. Benz was decided incorrectly because it did not follow Bennett. And I would say, Your Honor, in cases that post-date Benz, including in Julian v. Hanna, which was a malicious prosecution case, even in that case, this court referred to the type of claim as a personal injury action. So somewhere between Bennett and Julian, there was a consistent line drawn. It's just that the Benz court missed that, and the parties didn't brief it appropriately. And the Section 1988 argument that we raise here, and I agree, Judge Hamilton, that it is more difficult than our first argument, but the Benz court specifically noted, and I'm quoting from page 779, Benz does not claim that the application of state law in this case is inhospitable to the purpose of Section 1983 actions, so we apply Indiana law in deciding whether Leonelli's claims survive. And to get back to Judge Rovner's point at the beginning of this, you know, why is there a need for uniformity in terms of survivability, there are cases below, wrongful conviction cases, including in Elkhart, where Mr. Simms was wrongfully convicted, where a defendant took his life during the course of discovery. If the lower court ruling, if Benz is not reversed, and the lower court ruling here isn't disturbed, it could incentivize parties to do something like that to end a lawsuit, to end future lawsuits. That happened in Keith Cooper's litigation. And there's other litigation where there are exonerees below that could come up, where the cases where they were wrongfully convicted for so long, decades, and exonerated, that one plaintiff doesn't survive the pendency of the lawsuit while another does. And in that situation, you would have a situation if Benz is not overruled, and the lower court ruling is not disturbed, where an estate could not substitute in, even though the plaintiff suffered the same exact harm as somebody who's allowed to proceed forward. I see that I've used my time at desk to reserve the remaining 42 seconds, if possible. Yes, you may. Okay, Mr. Comer. Thank you, Your Honor, and may it please the court. This court should affirm the district court's order dismissing Simms's complaint because Simms's claims cannot survive the death of Prosecutor Wicks. The central issue before this court is whether, when a party dies during the pendency of litigation, what test should be applied. Do we apply the test articulated in Benz and Anderson, which requires us to analogize a plaintiff's claims to the appropriate, most analogous state? Well, Anderson doesn't actually do that, but Benz does. Yeah, we have the choice between the claim-by-claim analogies or the blanket rule of personal injury. Let me ask you, Mr. Comer, if I could, what we should do under, say, the Wisconsin or Indiana survival statutes with 1983 claims for First Amendment free speech or free exercise claims, for race or sex discrimination claims in employment or in administration of public benefits, or, let's say, a 14th Amendment claim for interference with parents' rights to raise their children. Where do we find tort analogs? Well, certainly, Your Honor. So, as Your Honor, I'm sure, is aware, Indiana's chosen to adopt a generalized rule of survivability with the six exceptions, right? And so I don't see anything under those six exceptions that would sweep in any of those claims. And, in fact, even when we're talking about individuals, you know, involved in claims of excessive force, that could often be analogized to battery, which is certainly not swept in under any of those exceptions. And what do we do with Wisconsin, which has a whole, it sets it the other way, and you have to find yourself, you have to fit your claim into a specific statutory grant of survivability. Well, so, I think it depends on how this court ultimately chooses to interpret Bennett. If the court interprets Bennett the same way that the district court does, then there's no problem. Because under Bennett, and then if we go back to Robertson, I think that that's probably a question of inconsistency. And so if you have a state statute that says there's a general rule of non-survivability, but if you list certain exceptions that do survive, then I think that would be fine, so long as we're not faced with a statute that's generally inhospitable to federal law, which is the test from Robertson. But if this court says that what we have is a rule that makes us look to just one rule of survivorship, which is how the other, I take the other side to be reading Bennett, then a state like Wisconsin, that statute might very well be incompatible with federal law, because we wouldn't look to any of those exceptions. We would only look to just the general residual rule for generic personal injuries. And if those say that those don't survive, then that gives you a problem under Robertson. Could you give us a policy reason for distinguishing between statutes of limitation and survivorship for these purposes? We've got Judge Sutton in writing for the Sixth Circuit, and Judge Flom writing for this court in Bennett, thought this was a pretty simple problem, with all due respect. Just carry forward, go for the blanket rule of personal injury actions, and then you've got an escape hatch just in case state law is hostile to federal claims. So a couple of points there, Your Honor. So first of all, as far as policy goes, I think Judge Roedner hit the nail on the head, right? The policy rationale at issue, after a case has already commenced, is different than it is when we're dealing with statutes of limitations. Because when we're faced with a question of a statute of limitation, we're asking whether a claim can even be brought at all. And so oftentimes you have a very short amount of time in which to make that decision. You need predictability, you need to be able to make that decision. And there's an enormous cost to the plaintiff if the attorney gets the decision wrong. And so you file your complaint, and then it turns out that you were never entitled to bring your complaint to begin with. Then you've wasted thousands of dollars in filing fees and in attorney's fees that otherwise you wouldn't have had to. Whereas when we're talking about survivorship, the case has already commenced. There isn't the same type of need to safeguard against litigation because we're already in litigation. And oftentimes the survivorship claim is going to be filed as part of a dispositive motion that probably would have been filed anyway. And to the point about drawing or unpredictability between how particular courts might analogize a claim to a particular state tort, we would have appellate review as kind of a built-in safeguard for that at that point. That sounds like a lot of litigation over the question of the best analog. Certainly, Your Honor, it can be. But that's also not necessarily something that's foreign to Section 1983. We cite a case in our brief that talks about how we look to the analogous tort as of 1871 to determine the elements of a Section 1983 claim. So courts do engage in those types of analogy tests in the context of 1983. And I also want to go back to something else that Your Honor asked opposing counsel. Your Honor asked opposing counsel whether we would have to overrule either Bennett or Benz in this case. And I don't think that's true. And the district court certainly didn't think that was true. Because in Benz, the court doesn't say we have to have one rule of survivorship. What the court says is accordingly, we conclude that in order to determine whether a Section 1983 claim survives, we must look to the state law governing whether a personal injury claim survives. And so the court doesn't say we only look at the generic provision. We only look at the residual provision of the personal injury survivorship statute. The court just directs us to the personal injury survivorship statute. In Indiana, that includes the six exceptions. And so we have the secondary question of, well, what level of uniformity does Section 1988 demand? And nothing from this court since Bennett has suggested that we need to adopt a similar rationale to what the Supreme Court adopted in Owens. You don't think that Bennett – in your brief, you suggest that Bennett was somehow rejecting the Wilson and Owen approach. Maybe I misunderstood you. I thought it was pretty clear that they were borrowing the Wilson and Owen approach wholesale for survivorship. No, Your Honor, and I apologize if I gave that impression. That's not how we read the two cases. We have to – we're in the position of having to kind of juggle Bennett with Robertson. And so Robertson says, you know, we're going to have a certain amount of un-uniformity because of the way that 1988 is written. And then Bennett says that, you know, uniformity is important. And the extent to which we need to be uniform is we need to look at personal injury statutes. And then after that, Benz comes along and says, that means that we read the whole statute. And so we do the two-part test that we have in Benz. And so I think that there's a way to read Robertson, Benz, Anderson, and Bennett all together as a logical progression of the cases. And after all, in Ben – in Bennett, excuse me, the court had no occasion to address the issue that Benz did because the Illinois statute at issue there only had an exception for defamation. And that exception was not at issue. And so the court appropriately did not – did not decide that question. If there are no – I apologize, Judge Robner. No, I'm just breathing. If there are no further questions, Prosecutor Wicks respectfully asks that this court affirm the judgment of the district court. Okay, thank you, counsel. Mr. Schlosser. Yes, thank you. My opponent concedes that the state law can't be inhospitable to federal law, and here it is, especially in wrongful conviction cases. There can be nothing more punitive than filing a lawsuit, doing discovery, a party dies, and the lawsuit goes away. That is inconsistent with this court's rulings in Bennett, Hutchinson, and the Supreme Court's ruling in Wilson. And Krabs, the Sixth Circuit – and this is a quote from page 295 – stated, and if survivorship statutes are not siblings of time bar statutes, they are at least cousins. And it relied specifically on Wilson and Owens. That is consistent with Bennett. Bennett followed Wilson, and the Bentz court completely omitted it and ignored an analysis of it and its opinion in Bentz. We would ask that this court reverse the lower court decision here and apply Bennett and allow this claim to pursue forward. Thank you. Okay, thank you, Mr. Schlosser, and thank you, Mr. Comer. The case will be taken under advisement, and the court will be in recess.